**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2168

SYDNEY A. ROSE,

Plaintiff, Appellant,

v.

FREDERICK LASKEY, as Commissioner of Revenue,
Commonwealth of Massachusetts Department of Revenue,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

Sydney A. Rose on brief pro se.
Matthew Q. Berge, Assistant Attorney General, and Thomas F. Reilly, Attorney General, on brief for appellee.

September 29, 2004

**Per Curiam**.  We affirm the judgment substantially for the reasons enumerated by the district court in its opinion dated July 10, 2003, adding only the following comments.

First.  We decline to consider the non-record "evidence" proffered by plaintiff on appeal.  See, e.g., United States v. Rosario-Peralta, 175 F.3d 48, 56 (1st Cir. 1999) ("It is elementary that evidence cannot be submitted for the first time on appeal."). Plaintiff's contention that he was deprived of an adequate opportunity to develop the record below is mistaken.  Defendant's summary judgment motion was filed within the time prescribed by the scheduling order, after discovery had closed.  And plaintiff neither moved for relief under Fed. R. Civ. P. 56(f) nor voiced any such complaint in his summary judgment opposition.  (He sought an extension to file his opposition only because he was "in the process of moving"; no mention was made of difficulties in obtaining his medical records.)  That plaintiff may have been unfamiliar with his evidentiary burden at the summary judgment stage provides no basis for appellate relief.  See, e.g., FDIC v. Anchor Properties, 13 F.3d 27, 31 (1st Cir. 1994) (noting that litigant's pro se status does not absolve him from compliance with the federal rules).  We might add that the outcome of this appeal would be the same even if the newly proffered materials were considered.

Second.  Plaintiff contends that a genuine issue of material

fact remained as to whether a true threat of violence was involved here. Yet he acknowledges making the reference to the Wakefield tragedy at the end of a heated exchange with his supervisor. Whatever plaintiff's ultimate intention, defendant cannot be faulted for taking this threat at face value. In analogous contexts, courts have not hesitated to reject claims under the Americans with Disabilities Act. See, e.g., Sullivan v. River Valley School Dist., 197 F.3d 804, 813 (6th Cir. 1999) ("threatening other employees disqualifies one from a job") (citations and internal quotation marks omitted); Chapa v. Adams, 168 F.3d 1036, 1039 (7th Cir. 1999) ("people who threaten to kill their supervisors are not 'qualified' for [employment] even if their threats are hollow"). As this court has recently stated: "Put simply, the ADA does not require that an employee whose unacceptable behavior threatens the safety of others be retained, even if the behavior stems from a mental disability. Such an employee is not qualified." Calef v. Gillette Co., 322 F.3d 75, 87 (1st Cir. 2003). Such a conclusion is dictated here whether plaintiff is viewed as having the burden of showing he posed no threat to safety in order to establish he was otherwise qualified for the job, see, e.g., id. at 87 n.10; EEOC v. Amego, Inc., 110 F.3d 135, 142-44 (1st Cir. 1997), or whether defendant is viewed as having the burden of establishing a "direct threat" as an affirmative defense under 42 U.S.C. §§ 12111(3), 12113(b) and 29 C.F.R. §§ 1630.2(r),

1630.15(b)(2), see, e.g., Hutton v. Elf Atochem N.A., Inc., 273 F.3d 884, 893 & n.5 (9th Cir. 2001). The case on which plaintiff mainly relies in arguing that factual disputes remained, Whitney v. Bd. of Educ. of Grand County, 292 F.3d 1280, 1286 (10th Cir. 2002), did not involve threatened violence and is otherwise distinguishable on its facts.

Third. Plaintiff likewise asserts that a trialworthy issue remained as to whether any such threat could be eliminated through reasonable accommodation. Even if such an inquiry were pertinent in this context, but cf. Calef, 322 F.3d at 87 n.11, it would not avail plaintiff. It was his burden to show, inter alia, that he made a specific request for an accommodation that would have enabled him to perform the essential functions of his job. See, e.g., Reed v. LePage Bakeries, Inc., 244 F.3d 254, 259, 261 (1st Cir. 2001). Plaintiff mainly points in this regard to a therapist's letter, delivered to defendant after the incident in question (and introduced for the first time on appeal), indicating that he would benefit from a leave of absence of unspecified length. In Criado v. IBM Corp., 145 F.3d 437, 443-44 (1st Cir. 1998), we did hold that a leave of absence was a reasonable accommodation for an employee suffering from depression. But no threatening behavior was there involved. And unlike in the case at bar, that employee had "offered evidence tending to show that her leave would be temporary and would allow her physician to design an

effective treatment program." Id. at 444. In turn, the proposal mentioned by plaintiff below--that he be subjected to regular security screening--not only was untimely but was properly rejected as unreasonable. See, e.g., Chapa, 168 F.3d at 1039.

Fourth. Plaintiff has also failed to sustain his burden of proof on the two remaining elements of his ADA claim: that he was disabled within the meaning of the Act; and that he was discharged as a result thereof. See, e.g., Criado, 145 F.3d at 441. "This circuit has recognized depression as a mental impairment that may constitute, at least in some circumstances, a disability under federal law." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 20 (1st Cir. 2004). Yet the evidence submitted below failed to substantiate such a diagnosis. And even when the appellate filings are considered, plaintiff has not shown that a major life activity was substantially limited. See, e.g., Calef, 322 F.3d at 83-86 (discussing this requirement). His main complaint in this regard is about suffering unspecified side-effects from his medication and needing to take sick and vacation leave.

By the same token, there is no genuine dispute about the fact that plaintiff was discharged because of his unacceptable behavior rather than because of any mental impairment. See, e.g., id. at 87 (noting that employee "whose unacceptable behavior threatens the safety of others" need not be retained "even if the behavior stems from a mental disability"); Hamilton v. Southwestern Bell Tel. Co.,

136 F.3d 1047, 1052 (5th Cir. 1998) ("The cause of Hamilton's discharge was not discrimination based on [his mental impairment] but was rather his failure to recognize the acceptable limits of behavior in a workplace environment."); <u>Palmer</u> v. <u>Circuit Court of Cook County</u>, 117 F.3d 351, 352 (7th Cir. 1997) (similar).

<u>Fifth.</u>  We decline to address plaintiff's First Amendment and due process arguments as they were not properly raised below.

<u>Affirmed.</u>